**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREIGHT INNOVATION LLC, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| FELLOWSHIP WAREHOUSING & | : | |
| LOGISTICS LLC, *et al.*, | : | NO. 25-2559 |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                 **JULY 8, 2026**

Before the Court is the Motion of Defendants Fellowship Warehousing & Logistics LLC, Milliard Enterprises LLC d/b/a Milliard Brands, and Lakewood Candies LLC d/b/a Milliard Brands for Leave to File Document Under Seal (the "Defendants' Motion") (ECF No. 120). For the reasons set forth below, Defendants' Motion (ECF No. 120) is **DENIED WITHOUT PREJUDICE**.

I.     **DISCUSSION**

The common law presumes that the public has a right of access to court documents. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). District courts in the Third Circuit "apply three distinct standards when considering various challenges to the confidentiality of documents[:]" (1) "the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92, (3d Cir. 1994), when [courts] review orders preserving the confidentiality of discovery materials" under Rule 26; (2) "the more rigorous common law right of access when discovery materials are filed as court documents[;]" and (3) "the First Amendment right of public access attaches to, *inter alia*, civil trials." *Id.* (citations omitted). A party seeking to file documents under seal must make a specific showing as to each document that it seeks to

seal, *id.* at 673, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  Instead, the movant needs to show that "disclosure will work a clearly defined and serious injury to the party seeking" to seal the materials.  *Id.* (internal quotations and citation omitted).

In their Motion to Seal, Defendants Fellowship Warehousing & Logistics LLC, Milliard Enterprises LLC, and Lakewood Candies LLC represented that they are moving to seal certain information within their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (the "Answer") (ECF No. 116) that has been designated as "Confidential" under the parties' Stipulated Protective Order (ECF No. 32).  *See* ECF No. 120 at 2.  Although Defendants believe that Plaintiff's designation of an entire deposition transcript as confidential "was overbroad," after Plaintiff's counsel sent Defendants' counsel an email indicating that Defendants had publicly disclosed confidential information "in violation of Section 12.3 of the Protective Order," Defendants agreed to take steps to remove the publicly available, unredacted version of their Answer, to file a redacted version of their Answer, and to file a motion to seal.  *Id.*

Given Defendants' stated belief that the information contained in their Answer does not need to be sealed, the Court cannot find on the current record that good cause has been demonstrated for sealing the redacted portions of Defendants' Answer, consistent with the standards set forth in the Third Circuit.  "[T]he mere fact that documents are marked confidential under the parties' [Stipulated Protective Order] is not a sufficient basis for those documents to be filed under seal." *Doe A.F. v. Lyft, Inc.*, No. 23-cv-3990, 2024 WL 7001976, at *1 n.1 (E.D. Pa. July 19, 2024); *see also Trice v. Ferguson*, No. 23-cv-2168, 2024 WL 1699568, at *1 n.1 (E.D. Pa. Mar. 21, 2024) (rejecting "counsel's argument that the protective order somehow pre-authorized filing under seal").  Rather, Defendants needed to present "more than a threadbare

justification from which the Court can find that each redaction [in their Answer] is proper." *Doe A.F.*, 2024 WL 7001976, at *1 n.1.

Should Plaintiff continue to maintain that the redacted information in Defendants' Answer needs to be sealed, Plaintiff shall file an appropriate Motion to Seal, explaining the basis for its position and how the standard set forth by the Third Circuit has been satisfied as to each redaction. Currently, neither party has sufficiently demonstrated that a sealing order is warranted in connection with Defendants' Answer.

## II.   **CONCLUSION**

For the foregoing reasons, the Court will deny Defendants' Motion (ECF No. 120) without prejudice.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**